UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GUILHERME DUARTE ROCHA,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, TODD LYONS, KRISTI NOEM, U.S. DEPARTMENT OF HOMELAND SECURITY, PAMELA BONDI, and ANTONE MONIZ,<br><br>Respondents. | Civil Action No. 25-CV-12584-ADB |

# **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

In this habeas action brought pursuant to 28 U.S.C. § 2241, Petitioner Guilherme Duarte Rocha, a noncitizen arrested by U.S. Immigration and Customs Enforcement ("ICE") on September 15, 2025, challenges the lawfulness of his immigration detention. [ECF No. 6]. The federal government opposes Petitioner's petition. [ECF No. 8]. For the reasons below, the petition is **GRANTED IN PART**.

Petitioner is a citizen of Brazil. [ECF No. 6 ¶ 16]. He entered the United States without inspection in or about 2021 and has continuously resided in the United States since that time. [Id.]. On January 5, 2024, he married a lawful permanent resident and, in March 2025, his spouse filed a Form I-130 Petition for Alien Relative on his behalf, which remains pending with the U.S. Citizenship and Immigration Services. [Id. ¶ 17]; [ECF No. 8 at 2–3]. On September 15, 2025, ICE officers arrested Petitioner and placed him in

1

ICE custody. [ECF No. 6 ¶ 18]; [ECF No. 8 at 3]. ICE "has sought to detain him as an 'applicant for admission' under 8 U.S.C. § 1225(b)." [ECF No. 6 ¶ 18].[1] Petitioner initiated the instant action on September 15, 2025, [ECF No. 1], and filed his operative amended petition, which added a respondent, on September 17, 2025, [ECF No. 6]. Respondents filed an opposition to the initial petition on September 29, 2025. [ECF No. 8].

As Respondents acknowledge in their opposition, [ECF No. 8 at 8 n.5], "[o]ther sessions of this court, as well as other courts across the country, have determined that 8 U.S.C. § 1226(a), and not 8 U.S.C. § 1225(b)(2), appl[ies] to aliens arrested and detained within the United States, even if such alien meets the definition of an applicant for admission as an alien present in the United States who has not been admitted."[2]

---

[1] Respondents note that "Petitioner does not state whether he filed a request for a bond hearing before an immigration judge," [ECF No. 8 at 3], but do not dispute Petitioner's allegation that ICE is detaining him pursuant to 8 U.S.C. § 1225(b).

[2] Respondents' opposition cites the following decisions: Romero v. Hyde, No. 25-cv-11631, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); Sampiao v. Hyde, No. 25-cv-11981, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); Doe v. Moniz, No. 25-cv-12094, 2025 WL 2576819 (D. Mass. Sept. 5, 2025). The Court notes that that courts in this District have reached the same conclusion in many additional cases, including: Gomes v. Hyde, No. 25-cv-11571, 2025 WL 1869299 (D. Mass. July 7, 2025); Mem. & Order on Pet. for a Writ of Habeas Corpus, ECF No. 19, Garcia v. Hyde, No. 25-cv-11513 (D. Mass. July 14, 2025); Diaz Martinez v. Hyde, No. 25-cv-11613, 2025 WL 2084239 (D. Mass. July 24, 2025); Dos Santos v. Noem, No. 25-cv-12052, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Order, ECF No. 10, Ribeiro dos Passos v. Moniz, No. 25-cv-12228 (D. Mass. Aug. 22, 2025); Diaz v. Mattivelo, No. 25-cv-12226, 2025 WL 2457610 (D. Mass. Aug. 27, 2025); Order on Pet. for Writ of Habeas Corpus (Doc. No. 1), ECF No. 16, Encarnacion v. Moniz, No. 25-cv-12237 (D. Mass. Sept. 5, 2025); First Order on Am. Pet. for Writ of Habeas Corpus (Doc. No. 8), ECF No. 12, Chavez Ventura v. Hyde, No. 25-cv-12533 (D. Mass. Sept. 18, 2025); Mem. of Decision & Order, ECF No. 22, Hilario Rodriguez v. Moniz, No. 25-cv-12358 (D. Mass. Sept. 18, 2025); Electronic Order, ECF No. 10, Pereira Moreira v. Hyde, No. 25-cv-12573 (D. Mass. Sept. 22, 2025); Electronic Order, ECF No. 9, Silva Fernandes v. Moniz, No. 25-cv-12572 (D. Mass. Sept. 22, 2025); Electronic Order, ECF No. 17, Monteiro Araujo v. Hyde, No. 25-

The Court agrees with these courts that the detention of noncitizens such as Petitioner, who are arrested and detained within the United States, is governed by 8 U.S.C. § 1226(a) and that Petitioner is thus entitled to a bond hearing.  Specifically, 8 U.S.C. § 1225(b)(2), which provides for mandatory detention (subject to exclusions not applicable here), by its own terms applies only to "applicant[s] for admission" who an "examining immigration officer" has determined are "not clearly and beyond a doubt entitled to be admitted," 8. U.S.C. § 1225(b)(2)(A), and thus "authorizes the Government to detain certain aliens seeking admission into the country," Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).  8 U.S.C. § 1226, by contrast, which creates a discretionary detention framework (again subject to exclusions not applicable here), applies to noncitizens arrested "[o]n a warrant," 8. U.S.C. § 1226(a), and authorizes the government "to detain certain aliens already in the country," Jennings, 583 U.S. at 289; see also id. at 288 (noting that § 1226 applies also to "aliens who were inadmissible at the time of entry").  Noncitizens subject to 8 U.S.C. § 1226's discretionary detention framework are

---

cv-12585 (D. Mass. Sept. 26, 2025); Order on Pet. for Writ of Habeas Corpus (Doc. No. 1), ECF No. 10, Quizhpi Patino v. Hyde, No. 25-cv-12717 (D. Mass. Sept. 26, 2025); Romero Nolasco v. McDonald, No. 25-cv-12492, 2025 WL 2778036 (D. Mass. Sept. 29, 2025); Inlago Tocagon v. Bondi, No. 25-cv-12453, 2025 WL 2778023 (D. Mass. Sept. 29, 2025); Electronic Order, ECF No. 10, Pereira Dos Santos v. Hyde, No. 25-cv-12703 (D. Mass. Sept. 29, 2025); Alves dos Santos v. Hyde, No. 25-cv-12686, 2025 U.S. Dist. LEXIS 191548 (D. Mass. Sept. 29, 2025); Mem. of Decision & Order, ECF No. 8, Columbo v. Moniz, No. 25-cv-12733 (D. Mass. Sept. 30, 2025); Mem. of Decision & Order, ECF No. 8, Alves Oliveira v. Hyde, No. 25-cv-12735 (D. Mass. Sept. 30, 2025); Electronic Order, ECF No. 15, Morales v. Plymouth Cnty. Corr. Facility, No. 25-cv-12602 (D. Mass. Sept. 30, 2025); Electronic Order, ECF No. 11, Chavez Chavez v. Hyde, No. 25-cv-12571 (D. Mass. Oct. 1, 2025); Electronic Order, ECF No. 8, De Oliviera Gomes v. Hyde, No. 25-cv-12737 (D. Mass. Oct. 1, 2025); Electronic Order, ECF No. 12, Mendoza v. Hyde, No. 25-cv-12815 (D. Mass. Oct. 1, 2025); Electronic Order, ECF. No. 9, De Miranda Silva v. Hyde, No. 25-cv-12679 (D. Mass. Oct. 2, 2025).

entitled to a bond hearing before an immigration judge. Id. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); Hernandez-Lara v. Lyons, 10 F.4th 19, 26 (1st Cir. 2021). Because Petitioner was already in the country when ICE detained him, [ECF No. 1 ¶ 16], he is subject to 8 U.S.C. § 1226's discretionary detention framework and entitled to a bond hearing. He has not received such a hearing, so his detention is unlawful.

Accordingly, Petitioner's petition, [ECF No. 6], is **GRANTED IN PART**. Respondents are **ORDERED** to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this order. Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to file a status report within 14 days of this order stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

**SO ORDERED.**

October 2, 2025                                                              */s/ Allison D. Burroughs*
                                                                              ALLISON D. BURROUGHS
                                                                              U.S. DISTRICT JUDGE